**HIGHLAND BEACH CIVIC LEAGUE,**
**Inc., et al v. TOWN OF HIGHLAND BEACH, et al.**
Nos. 71 C-4091, 71 C-5970 and 71 C-4871.

Circuit Court, Fifteenth Judicial Circuit.

November 10, 1972.

Cone, Wagner, Nugent, Johnson & McKeown, West Palm Beach, for plaintiffs.

Burns, Middleton, Farrell & Faust, Palm Beach, and Deschler, Reed, Mowry, Poulton & Ayres, Boca Raton for defendants.

JAMES R. KNOTT Circuit Judge.

*Peremptory writ of mandamus:* These cases were joined for trial by agreement of the parties. Case 71 C-4091 came on for trial upon the complaint of the Highland Beach Civic League and two individuals for an injunction against the Town of Highland Beach to prevent the issuance of building permits to the plaintiffs in cases 71 C-4871 and 71 C-5970. The latter two cases were heard upon

the alternative writs of mandamus heretofore issued and the defendants' returns thereto.

From the evidence presented to the court, it was established that the plaintiffs in cases 71 C-4871 and 71 C-5970 (Gundlach, et al.) are the owners of various parcels of land in the town of Highland Beach described in the alternative writs herein. On March 2, 1971, said plaintiffs, in compliance with the ordinance requirements then existing, submitted to the town site plans for the proposed development of their properties and thereafter on March 11, 1971, detailed building plans duly approved by the Hotel and Restaurant Commission were filed by plaintiffs with the town. At such time, it appears from the evidence that plaintiffs in effect were advised by the town clerk that it would not be in order for them to file applications for building permits until the plans had been reviewed and approved.

It appears that the plaintiffs later revised and amended their site development plans at the suggestion of town officials, to reduce the proposed number of apartment units to be constructed upon six of the seven prospective sites. Revisions for three sites were filed July 16, 1971, for one site July 30, 1971, and finally, for two additional sites on August 10 and August 12, 1971, respectively. The original detailed building plans were not amended or altered from their original form as submitted March 11, 1971.

Much expert testimony was presented on the issue of whether the revised site plans, as well as the original building plans, complied with the town's existing zoning ordinances; the weight of the evidence supports the conclusion that such plans were in substantial compliance with the town's ordinances.

In defense of its refusal to issue building permits to the plaintiffs, the town asserts that plaintiffs' plans must conform not only to the zoning ordinances which were in effect at the time the plans were filed, but also to an interim zoning measure known as Ordinance 182. This ordinance, adopted December 7, 1971, following first reading on November 2, 1971, is contended by the town to have been pending or "in progress" at the time plaintiffs last filed an amended site plan on August 12, 1971. The evidence shows that the town hired a firm of city planners on April 13, 1971, which submitted a preliminary proposed master plan which was made public August 26, 1971 at a public hearing of the Town Planning Board, pursuant to advertised notice. Under these circumstances, the town's contention cannot be sustained. It is noted, further, that Ordinance 182 was adopted by the town without prior published notice and public hearing, and although it is not presently necessary to decide the issue, its validity might be questioned for that reason.

See 1 Yokley, *Zoning Law and Practice,* §§5, 6, p. 268.

The town also contends that an "emergency" ordinance adopted April 6, 1971, which purported to impose a 120-day moratorium on the issuance of multi-family building permits justifies its refusal to issue permits to plaintiffs. The "emergency" upon which this ordinance was predicated, if any, might well be viewed as self-created by inaction and lack of foresight on the part of the town. Under these circumstances, the town's assertion of that defense cannot fairly be sustained. The town has also made the point that this emergency ordinance should be construed as an interim zoning ordinance; however, the evidence shows that as of the date of its adoption no zoning study was "in progress" nor had the town made the first effort to prepare any comprehensive zoning plan. It was not until later, as noted above, that the town took its first step in that direction by employing a professional planning firm. The court observes, in passing, that the emergency moratorium ordinance as originally enacted contained a provision that it was to be effective for a period of 120 days, whereas the town's charter limits the life of emergency ordinances to 60 days. Thus the original ordinance and its subsequent purported extension, which took place after the expiration of the 60-day limitation, are of dubious validity.

The parties stipulated at the trial that should the court find for the plaintiffs the court's order should direct the town to complete its review of the plaintiffs' building (not site) plans filed March 11, 1971 to determine whether they comply with the provisions of the town's building codes then in effect, and that should any discrepancies be found, the town should advise plaintiffs in writing in order to allow the plaintiffs to correct same as may be necessary.

It is, accordingly, ordered and adjudged that the Town of Highland Beach, its building inspectors and commissioners, are commanded forthwith to complete their review of the building plans filed by plaintiffs March 11, 1971, bearing the approval of the Florida Hotel and Restaurant Commission and to advise plaintiffs within twenty days from date hereof of any corrections which may be necessary in order that such plans comply with the building code ordinances in effect as of March 11, 1971; the said respondents further are ordered to allow plaintiffs to make such corrections to said plans as may be required; following which respondents shall issue to the plaintiffs a building permit to construct the proposed improvements on the properties described in the alternative writs.

It is further ordered and adjudged that the application for injunction in case 71 C-4091 is denied; that said cause is dismissed with prejudice, and that the defendants in said cause shall go hence without day. Cost shall be taxed upon appropriate motion.